IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/14/2010

| | | |
|---|---|---|
| IN RE: § § | | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., Debtor | § § § § | CASE NO. 08-36737-H4-11 |
| JOANNE SCHERMERHORN, ET AL., Plaintiffs | § § § | |
| v. | § § | ADVERSARY NO. 10-03150 |
| CENTURYTEL, INC. (A/K/A CENTURYLINK), ET AL., Defendants | § § § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., ET AL., Plaintiffs | § § § § | |
| v. | § § | ADVERSARY NO. 10-03225 |
| JOANNE SCHERMERHORN, ET AL., Defendants | § § § | (CONSOLIDATED UNDER ADVERSARY NO. 10-03150) |

**<u>AGREED ORDER CONCERNING SHOW CAUSE HEARING</u>**

Upon agreement of the parties, it is

ORDERED that if the Schermerhorn Parties provide to Annie Catmull by 10:00 a.m. C.S.T. on October 14, 2010 (1) as to the reports denoted by a hand written circle on the attached chart, higher quality copies of the same documents, which copies reflect the seal or imprint of the notary, and (2) as to the reports denoted by a hand written "x" substitute unsworn reports that comply with 28 U.S.C. § 1746, then those Schermerhorn Parties so providing may fulfill their Court-ordered obligation to appear before the Court at the Contempt Hearing by appearing telephonically, in lieu of in person, for the Contempt Hearing; it is further

ORDERED the each Schermerhorn Party provide the original of any report already

provided to Annie Catmull in copy by 5:00 p.m. C.S.T. on November 18, 2010; it is further

ORDERED that, to be clear, Skyport does not oppose telephonic appearances by parties reflected on the attached chart whose names are not accompanied by a hand mark; it is further

ORDERED entry of this order is without prejudice to any party to complain of non-compliance, if any, with the Court's September 27, 2010 (other than then telephonic appearances allowed by this order) order, including, without limitation, as to the reports denoted by a hand-drawn star on the attached chart; and it is further

ORDERED that so long as the "Supplemental Motion by SkyPort Communications, Inc. that Joanne Schermerhorn et al. Appear and Show Cause Why They Should not Be Held in Contempt of the June 10, 2010 Preliminary Injunction Hearing" (assigned docket number 184) (hereinafter the "Supplemental Contempt Motion") remains pending SkyPort shall not be required to file a response to the Schermerhorn Parties' "Request to Commence Adversary Proceeding for Fraud on the Court" (found at docket number 176) (hereinafter the "Request to Commence Adversary Proceeding") and no hearing will be set or conducted on the Request to Commence Adversary Proceeding until further order; and it is further

ORDERED that to the extent that the Court determines not to strike the Request to Commence Adversary Proceeding, SkyPort's deadline to file a response to the Request to Commence Adversary Proceeding shall be extended to the expiration of 21 days following entry of an order fully disposing of the Supplemental Contempt Motion.

SIGNED this 14th day of October, 2010.

**UNITED STATES BANKRUPTCY JUDGE**

APPROVED AS TO CONTENT AND FORM:

HOOVER SLOVACEK, L.P.

BY:    */s/ Annie E. Catmull*
       ANNIE E. CATMULL
       State Bar No.: 00794932
       5847 San Felipe, Ste. 2200
       Houston, Texas 77057
       Tel.     (713) 977-8686
       Fax.    (713) 977-5395
       Email: catmull@hooverslovacek.com

      ATTORNEY FOR SKYPORT GLOBAL COMMUNICATIONS, INC.

MCFALL, BREITBEIL & SHULTS, P.C.

BY:    */s/ W. Steve Smith*
       W. STEVE SMITH
       State Bar No.: 18700000
       1331 Lamar Street, Suite 1250
       Houston, Texas 77010
       Tel.     (713) 590-9300
       Fax.    (713) 590-9399
       Email: ssmith@mcfall-law.com

      ATTORNEY FOR JOANNE SCHERMERHORN, ET AL.

Case 4:11-cv-01524 Document 4-266 Filed in TXSD on 06/14/11 Page 4 of 6
Case 10-03150 Document 211 Filed in TXSB on 10/14/10 Page 4 of 6

Case 10-03150 Document 202-1 Filed in TXSB on 10/09/10 Page 1 of 3

To be clear, if "N" (meaning "no") is reflected within an entry falling under the fourth column below (signifying whether a report was notarized), then the signature (on the report submitted by the corresponding party indicated in the second column) is neither notarized, nor subject to a declaration pursuant to section 28 U.S.C. §1746.[1]

An asterisk (*) below indicates that Sam Goldman served the party (whose signature appears unsworn) a copy of the Court's September 27, 2010 "show cause" order "c/o" non-party "George Swan."

Two asterisks (**) below indicates that Sam Goldman served the party (whose signature, with the exception of Beraznick, appears to be unsworn) a copy of the Court's September 27, 2010 "show cause" order "c/o" party "Robert Mendel."

Three asterisks (***) below indicates that Sam Goldman served the party a copy of the Court's September 27, 2010 "show cause" order "c/o" oi@semper.ch .

|  | Party | Report? (Y/N) | Sworn/notarized? (Y/N) | If not notarized, witness? (Y/N) | Explanation from counsel |
|---|---|---|---|---|---|
| 1[2] | 3790168 Canada | Y | N - illegible signature in notary block, no seal | N - but see column to immediate left | inaccurate allegation that "all . . . reports are signed, and all are notarized" (Dckt 197, ¶ 4) |
| 2 | Barry Klein | Y | Y | n/a | n/a |
| 3 | BLF Partners | Y | Y | n/a | n/a |
| 4 | Charles Stack | Y | Y | n/a | n/a |
| 5 | Chet Gutowsky | Y | Y | n/a | n/a |
| 6 | Darshan Khurana ** | Y | N | N | "foreign parties who are not able to have signatures notarized" (Dckt 197, ¶ 4) |
| 7 | Draco Capital | Y | N – illegible signature in notary block, no seal | N – but see column to immediate left | inaccurate allegation that "all . . . reports are signed, and all are notarized" (Dckt 197, ¶ 4) |
| 8 | ECAL Partners | Y | Y | n/a | n/a |
| 9 | Edward Pascal ** | Y | N | N - but unsworn "certif[ication]" of signature by Robert Mendel | "foreign parties who are not able to have signatures notarized" (Dckt 197, ¶ 4) |
| 10 | Eosphoros Asset Management | Y | N – illegible signature in notary block, no seal | N – but see column to immediate left | inaccurate allegation that "all . . . reports are signed, and all are |

---

[1] *Stewart v Core Laboratories, Inc.*, 460 F Supp 931, (ND Tex. 1978) (28 USCS § 1746 permits unauthorized sworn declaration or statement by subscriber to suffice for traditional manners of oath giving, provided, however, that declaration or statement be subscribed by declarant as true under penalty of perjury; where declaration did not state it was made "under penalty of perjury," declarant was not subject to prosecution for perjury under 18 USCS § 1621).

[2] Other than numbers 48-49, the numbering corresponds to the numbers assigned to parties at paragraph 3 of the Schermerhorn Group's motion assigned docket number 197.

Case 10-03150   Document 202-1   Filed in TXSB on 10/09/10   Page 2 of 3

|    | Party | Report? (Y/N) | Sworn/notarized? (Y/N) | If not notarized, witness? (Y/N) | Explanation from counsel |
|----|-------|---------------|------------------------|-----------------------------------|--------------------------|
|    |       |               |                        |                                   | notarized" (Dckt 197, ¶ 4) |
| 11 | Schermerhorn | Y | Y | n/a | n/a |
| 12 | John Waymire | Y | Y | n/a | n/a |
| 13 | Joseph Lopez | Y | Y | n/a | n/a |
| 14 | Joseph Baker | Y | Y | n/a | n/a |
| 15 | Gloster Holdings | Y | Y | n/a | n/a |
| 16 | Lawrence Solomon | Y | Y | n/a | n/a |
| 17 | L.J. Elstein Trust | Y | Y | n/a | n/a |
| 18 | Martin Pollack | N – but "[ first name illegible] Pollack" signed as "POA [³copy not furnished] for Martin Poll[cut off]" | Y | n/a | inaccurate allegation that "all … reports are signed, and all are notarized" (Dckt 197, ¶ 4) |
| 19 | Matteo Novelli | Y | N | Y | inaccurate allegation that "all … reports are signed, and all are notarized" (Dckt 197, ¶ 4) |
| 20 | Melvyn Reiser | Y | Y | n/a | n/a |
| 21 | Movada Ltd | Y | Y | n/a | n/a |
| 22 | Puddy Ltd | Y | Y | n/a | n/a |
| 23 | Robert Foote | Y | Y | n/a | n/a |
| 24 | Robert Mendel | Y | Y | n/a | n/a |
| 25 | Semper Gestion *** | Y | Y | n/a | n/a |
| 26 | Sequoia Aggr. Growth Fund *** | Y "Christian Naville, Director" | N | N | "foreign parties who are not able to have signatures notarized" (Dckt 197, ¶ 4) |
| 27 | Sequoia Diversified Growth Fund *** |  |  |  |  |
| 28 | Rig III Fund *** | Y "Christian Naville, Director" | N | N | "foreign parties who are not able to have signatures notarized" (Dckt 197, ¶ 4) |
| 29 | Stanley Beraznik ** | Y - signature barely discernable | Y | n/a | n/a |
| 30 | Whiz Kid Ventures | Y "Phil Whis[not legible]" | N signature of "Lynda C Terrell" but no seal |  | inaccurate allegation that "all … reports are signed, and all are notarized" (Dckt 197, ¶ 4) |
| 31 | ARAN Asset Management | Y Thalmann | N | Y - but signature not legible | inaccurate allegation that "all … reports |

---

³ Skyport assumes "POA" means "power of attorney."

2

Case 4:11-cv-01524   Document 4-266   Filed in TXSD on 06/14/11   Page 6 of 6
Case 10-03150   Document 211   Filed in TXSB on 10/14/10   Page 6 of 6
Case 10-03150   Document 202-1   Filed in TXSB on 10/09/10   Page 3 of 3

| | Party | Report? (Y/N) | Sworn/notarized? (Y/N) | If not notarized, witness? (Y/N) | Explanation from counsel |
|---|---|---|---|---|---|
| | | | | | are signed, and all are notarized" (Dckt 197, ¶ 4) |
| 32 | Bella Kreiger | Y | Y | n/a | n/a |
| 33 | Ben Ariano ** | Y | N | Y - "Sherry Kent" | "foreign parties who are not able to have signatures notarized" (Dckt 197, ¶ 4) |
| 34 | BMT Grantor Trust | Y | Y | n/a | n/a |
| 35 | Brian Harle | Y [4] | Y | n/a | n/a |
| 36 | David Togut | N - Tracy Elstein submitted joint report signed only by her for herself and David Togut | N - but Tracy Elstein report was notarized | N | inaccurate allegation that "all ... reports are signed, and all are notarized" (Dckt 197, ¶ 4) |
| 37 | Jason Charles Togut Trust | Y | Y | n/a | n/a |
| 38 | John Llewellyn | N - wife submitted report | N | N | J. Llewellyn recovering from stroke and back surgery (Dckt 197, ¶ 5) |
| 39 | Peter Taylor | N - but email from Turkey from account of "Jeanne Taylor" | N | N | "foreign parties who are not able to have signatures notarized" (Dckt 197, ¶ 4) |
| 40 | Michael Stein | Y | Y | n/a | n/a |
| 41 | Tracy Elstein | Y | Y | n/a | n/a |
| 42 | Yecheskel Kahan | Y | Y | n/a | n/a |
| 43 | John Rees | Y | Y | n/a | n/a |
| 44 | Byron Messier * | Y | N – illegible signature in notary block, no seal | N - but see column to immediate left | No response to Catmull 10/8/10 emailed inquiry |
| 45 | David Currie * | Y | N – illegible signature in notary block, no seal | N - but see column to immediate left | No response to Catmull 10/8/10 emailed inquiry |
| 46 | John Panneton * | Y | N – illegible signature in notary block, no seal | N - but see column to immediate left | No response to Catmull 10/8/10 emailed inquiry |
| 47 | Wayne Fox * | Y | N – illegible signature in notary block, no seal | N - but see column to immediate left | No response to Catmull 10/8/10 emailed inquiry |
| 48 | Don Dui ** | Y (day late) | N – signature but no seal | N – but see column to immediate left | Lateness due to counsel's inability to contact (Dckt 197, ¶ 5) |
| 49 | Diya Al-sarraj ** | N | N | n/a | Counsel's attempts at contact unsuccessful (Dckt 197, ¶ 5) |

---

[4] Significance of illegible writing to immediate right of signature not clear.

3